IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD REINSDORF, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-cv-4485 |
| ) | |
| KOHL'S CORPORATION, a Wisconsin ) | |
| corporation, KOHL'S DEPARTMENT ) | |
| STORES, INC., a Wisconsin corporation, ) | Jury Trial Demanded |
| SEARS HOLDING CORPORATION, a ) | |
| Delaware corporation, SEARS, ROEBUCK ) | |
| AND CO., a New York corporation, and ) | |
| DOES 1 through 20, inclusive, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff RICHARD REINSDORF, an individual, ("Reinsdorf" or "Plaintiff") by and through his attorneys, hereby complains against Defendants KOHL'S CORPORATION, a Wisconsin corporation, KOHL'S DEPARTMENT STORES, INC., a Wisconsin corporation (collectively "Kohl's"), SEARS HOLDING CORPORATION, a Delaware corporation, SEARS, ROEBUCK AND CO., a New York corporation (collectively "Sears"), and DOES 1 through 20, inclusive (collectively the "Doe Defendants").

Plaintiff avers as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that the Claim for Relief arises under a law of the United States.

3. This Court has personal jurisdiction over defendants Kohl's Corporation, Kohl's Department Stores, Inc., Sears Holding Corporation, and Sears, Roebuck and Co., because they do business in this Judicial District.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because each of the named defendants is located and resides in this Judicial District.

## THE PARTIES

5. Reinsdorf is an individual residing in Los Angeles County, State of California. He is world renowned photographer. He has been described as a "master of architectural fashion" by Digital Photo Pro magazine and he specifically is sought out for his ability to capture fashion and lifestyle imagery that is compelling to consumers. Some of his clients have included L'Oreal, Eddie Bauer, Guess, Nordstrom, Vogue, Cosmopolitan, Levi's, and Heineken. He has been featured on several hit television shows, including America's Next Top Model and The Real Housewives of Beverly Hills.

6. Reinsdorf is informed and believes, and on that basis avers, that Kohl's Corporation and Kohl's Department Stores, Inc. (collectively "Kohl's") are corporations duly organized and existing under the laws of the State of Wisconsin with their principal places of business in Menomonee Falls, Wisconsin. Kohl's is in good standing according to the Illinois Secretary of State. According to its filings with the United States Securities and Exchange Commission, Kohl's operates over 1,100 department stores in every large and intermediate sized market in the United States and a website (www.kohls.com) that sell, among other things,

footwear and accessories for women, men, and children, including approximately 65 stores in the State of Illinois, many of which are located in and around this Judicial District.

7. Reinsdorf is informed and believes, and on that basis avers, that Sears Holding Corporation and Sears, Roebuck and Co. (collectively "Sears") are corporations duly organized and existing under the laws of the State of Delaware and the State of New York, respectively, with their principal places of business in Hoffman Estates, Illinois. Sears is in good standing according to the Illinois Secretary of State. According to its filings with the United States Securities and Exchange Commission, Sears operates, among other things, nearly 800 department stores in all 50 states and Puerto Rico and a website (www.sears.com) that sell, among other things, footwear and accessories for women, men, and children, including approximately 35 full-line mall stores in the State of Illinois, many of which are located in and around this Judicial District.

8. Reinsdorf is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 20, inclusive, and therefore sues said defendants by such fictitious names (the "Doe Defendants"). Reinsdorf will amend this Complaint to allege the true names and capacities of the Doe Defendants when the same have been ascertained. Reinsdorf is informed and believes, and based thereon avers, that each of the Doe Defendants is responsible in some manner for the occurrences, acts, and omissions alleged herein and that Reinsdorf's damages were directly and proximately caused by their conduct.

9. Reinsdorf is informed and believes, and based thereon avers, that, at all material times, Kohl's and Doe Defendants 1 through 10, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of each other and at

all times were acting within the course and scope of that agency, employment, partnership, conspiracy, ownership, or joint venture.

10. Reinsdorf is informed and believes, and based thereon avers, that, at all material times, Sears and Doe Defendants 11 through 20, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of each other and at all times were acting within the course and scope of that agency, employment, partnership, conspiracy, ownership, or joint venture.

## FIRST CLAIM

### Copyright Infringement Against all Defendants

11. Reinsdorf repeats, reavers, and incorporates by reference each and every averment contained in Paragraphs 1 through 10, inclusive, as though fully set forth herein.

12. Between 2006 and 2009, Skechers USA, Inc. ("Skechers"), a multi-billion dollar shoe company, engaged Reinsdorf (but not on a work for hire basis) on five separate occasions to take photographs. Reinsdorf licensed various of his photographs from the five photo shoots to Skechers for use by it in connection with certain of its advertising and marketing materials. Reinsdorf's licenses to Skechers were limited in their scope, territory, and duration. Despite these limitations, starting in mid-2010, Reinsdorf discovered that Skechers' exploitation and use of his photographs far exceeded the restrictions in the licenses, in direct violation of his rights. For example, Reinsdorf discovered that Skechers exceeded the six-month time limitation in the licenses by years, exceeded the territorial limitations by exploiting the photographs worldwide, and exceeded the media limitations by, among other things, featuring Reinsdorf's iconic "disco ball kiss" image on the shoeboxes in which Skechers' extremely successful Cali and Sassy lines of shoes were sold.

13. In addition to exceeding the scope, territory, and duration of the licenses, Skechers also purported to give rights to the photographs to numerous third parties even though Skechers did not request, nor did it receive, the right to sub-license Reinsdorf's photographs to the retailers who advertised, marketed, and/or distributed Skechers' products. As retailers that advertised, marketed, and/or distributed Skechers' products, Kohl's and Sears exploited Reinsdorf's photographs in violation of his exclusive rights, as Kohl's and Sears never had the right to reproduce, display, or distribute Reinsdorf's photographs.

14. As the author, Reinsdorf owns the copyright (and, indeed, is the sole copyright owner) in all of the photographs and images he captured during the five photo shoots for Skechers. Reinsdorf registered his photographs with the United States Copyright Office. True and correct copies of the Copyright Registration Certificates of most if not all of the photographs and images Reinsdorf captured during the five photo shoots are attached hereto as Exhibit A and incorporated by reference herein.

15. By using, exploiting, and displaying Reinsdorf's copyrighted works without Reinsdorf's permission, Kohl's, Sears, and the Doe Defendants have infringed his copyrights in those works. Based on current information, and by way of example only, it is believed that the works covered by the following copyrights were used by Kohl's and Sears without permission:

    (a) Kohl's: VA 1-714-547; VA 1-714-594; VA 1-714-671; VA 1-719-219; VA 1-720-140; and VA 1-729-255;

    (b) Sears: VA 1-714-547; VA 1-714-671; and VA 1-729-255.

Reinsdorf reserves his right to amend this Complaint to add additional photographs and copyrights infringed by Kohl's, Sears, and the Doe Defendants as may be revealed through further investigation and/or discovery.

16. As a direct and proximate cause of the copyright infringement by Kohl's, Sears, and the Doe Defendants, Reinsdorf has sustained substantial injury, loss, and damage. Reinsdorf is entitled to recover from Kohl's, Sears, and the Doe Defendants, and each of them, the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. Alternatively, Reinsdorf is entitled to recover an award of statutory damages under the Copyright Act. Reinsdorf is further entitled to recover from Kohl's, Sears, and the Doe Defendants an award of his attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore, Reinsdorf prays for judgment against Kohl's, Sears, and the Doe Defendants, and each of them, as follows:

1. For actual damages and the profits of Kohl's, Sears, and the Doe Defendants in amounts to be determined at trial;

2. In the alternative, for statutory damages of up to $150,000 per work infringed;

3. For a preliminary injunction and a permanent injunction enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them from continuing to infringe Reinsdorf's copyrights;

4. For attorneys' fees and costs of suit herein incurred;

5. For interest at the maximum legal rate; and

6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Richard Reinsdorf hereby demands a jury trial on all issues triable to a jury.

Dated: June 18, 2013 By:   /s/ *Larry L. Saret*

               Larry L. Saret (2459337)
               llsaret@michaelbest.com
               Paul R. Coble (6296105)
               pcoble@michaelbest.com
               Michael Best & Friedrich LLP
               Two Prudential Plaza
               180 North Stetson Avenue, Suite 2000
               Chicago, IL 60601
               (312) 222-0800
               (312) 222-0818 Fax

               George M. Borkowski (*pro hac vice*)
               George.Borkowski@ffslaw.com
               Russell R. Fisk (*pro hac vice*)
               Russell.Fisk@ffslaw.com
               Freeman Freeman Smiley LLP
               1888 Century Park East, Suite 1900
               Los Angeles, CA 90067
               (310) 255-6198

               ***Attorneys for Plaintiff, Richard Reinsdorf***